## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 18 2019, 7:02 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

R. Patrick Magrath
Matthew T. Bates
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hills, Jr.
Attorney General of Indiana

Robert Austin Rowlett
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Larry P. Johnson,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

February 18, 2019

Court of Appeals Case No.
18A-CR-2249

Appeal from the Dearborn
Superior Court

The Honorable Sally A.
McLaughlin, Judge

Trial Court Cause No.
15D02-1803-F6-80

**Pyle, Judge.**

# Statement of the Case

[1] Larry P. Johnson ("Johnson") appeals the two-year sentence imposed for his Level 6 felony escape conviction,[1] arguing that it is inappropriate. Concluding that Johnson has failed to show that his sentence is inappropriate, we affirm his sentence.

[2] We affirm.

# Issue

Whether Johnson's sentence is inappropriate pursuant to Indiana Appellate Rule 7(B).

# Facts

[3] On February 27, 2018, after Johnson had been convicted of Class A misdemeanor criminal trespass, the trial court imposed a one (1) year sentence and suspended all of it to reporting probation, which included work release and GPS monitoring.[2] Less than two weeks later, on March 6, 2018, Johnson removed his GPS monitoring device and threw it behind a dumpster.

---

[1] IND. CODE § 35-44.1-3-4.

[2] The same day, Johnson was also sentenced in two separate causes, and these sentences were ordered to be served consecutively to the above criminal trespass conviction. In one of these causes, he was convicted of Class A misdemeanor theft and Class A misdemeanor criminal trespass and was sentenced to concurrent one (1) year executed sentences for each conviction. In the other cause, he was convicted of Class A misdemeanor invasion of privacy and was sentenced to a one (1) year sentence suspended to probation.

[4] Thereafter, the State charged Johnson with Level 6 felony escape. Johnson entered into a plea agreement, pled guilty to the crime as charged, and agreed to open sentencing. The trial court accepted Johnson's plea and entered judgment of conviction. When sentencing Johnson, the trial court found Johnson's guilty plea to be a mitigating circumstance. The trial court found Johnson's criminal history, which the trial court stated was "significant" and "quite extensive" and included his violations of probation and community corrections, to be an aggravating circumstance. (Tr. 17, 18). The trial court determined that Johnson did "not appear to be someone who could be a candidate that could be helped by probation[.]" (Tr. 18). The trial court imposed a two (2) year sentence and stated that the "reason for the sentence is, again, [his] extensive criminal history and history of probation violations and violations of community corrections[.]" (Tr. 18). Johnson now appeals.

## Decision

[5] Johnson argues that his two-year sentence is inappropriate. We may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). The defendant has the burden of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). The principal role of a Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008).

[6] When determining whether a sentence is inappropriate, we acknowledge that the advisory sentence "is the starting point the Legislature has selected as an appropriate sentence for the crime committed." *Childress*, 848 N.E.2d at 1081. Here, Johnson entered a guilty plea and was convicted of Level 6 felony escape. A Level 6 felony has a sentencing range of six (6) months to two and one-half (2½) years with an advisory sentence of one (1) year. I.C. § 35-50-2-7(b). The trial court imposed a two-year sentence, which is less than the maximum sentence.

[7] The nature of Johnson's offense involved him removing his GPS monitoring device and throwing it behind a dumpster. He argues that his crime was not "particularly heinous or extreme" and did not involve any "egregious behavior." (Johnson's Br. 9). Johnson attempts to diminish the nature of his offense by focusing on the method he used to remove the GPS monitor, stating that he disassembled it instead of cutting it off. Johnson fails to grasp that he was shown leniency by being placed on work release instead of being incarcerated and that he showed extreme disregard of that leniency when, less than two weeks after being placed on work release, he removed his device and abandoned it.

[8] Turning to Johnson's character, we note that the presentence investigation report ("PSI") shows that thirty-four-year-old Johnson has a criminal history consisting of five juvenile adjudications and numerous adult convictions and arrests in both Indiana and Ohio. Johnson received his first juvenile adjudication for theft at age thirteen. His adult convictions include: (1) a 2008

felony breaking and entering conviction (Ohio); (2) a 2010 possessing criminal tools conviction (Ohio); (3) a 2010 Class C felony possession of a controlled substance within 1,000 feet of school property conviction (Indiana); (4) a 2010 Class C felony forgery conviction (Indiana); (5) a 2012 obstructing official business conviction (Ohio); (6) a 2012 felony possession of heroin conviction (Ohio); (7) a 2013 felonious assault conviction (Ohio); (8) a 2018 Class A misdemeanor criminal trespass conviction (Indiana); (9) a 2018 Class A misdemeanor theft conviction (Indiana); (10) an additional 2018 Class A misdemeanor criminal trespass conviction (Indiana); and (11) a 2018 Class A misdemeanor invasion of privacy conviction (Indiana). As noted by the trial court, Johnson has also violated probation and community corrections. For example, Johnson was sentenced to three years on probation in community corrections for his 2008 felony breaking and entering conviction in Ohio, and he violated that community corrections on five separate occasions and had his probation terminated. He also violated his Ohio community correction placement from his possession of heroin conviction in 2012. Johnson's character reveals a disregard for the law and the authority of the courts. Johnson's character is further revealed by his history of drug use. The PSI indicates that Johnson started using drugs and alcohol at age seventeen and that he had used methamphetamine on a daily basis prior to arrest in 2018.

[9]     Johnson has not persuaded us that his two-year sentence for Level 6 felony escape is inappropriate. Therefore, we affirm the sentence imposed by the trial court.

[10]     Affirmed.

Najam, J., and Altice, J., concur.